IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUCKUS WIRELESS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:13-cv-00504-LY |
| v. | § | |
| | § | |
| INNOVATIVE WIRELESS SOLUTIONS, LLC, | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |

**INNOVATIVE WIRELESS SOLUTIONS, LLC'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

Defendant Innovative Wireless Solutions, LLC ("IWS" or "Defendant"), by and through its counsel, hereby responds to the Complaint of Ruckus Wireless, Inc. ("Ruckus" or "Plaintiff"), and counterclaims, as follows:

**PARTIES**

1. IWS lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2. IWS admits that it is a Texas Limited Liability Company and has a registered agent, BlumbergExcelsior Corporate Services, Inc., located at 814 San Jacinto Boulevard, Suite 303, Austin, Texas 78701. IWS denies the remaining allegations of Paragraph 2 of the Complaint.

**BACKGROUND STATEMENT**

3. IWS admits that it sent notice letters and filed lawsuits against certain entities that infringed IWS's patents, in part, by operating wireless networks that are compliant with the IEEE 802.11 standard. IWS denies the remaining allegations of Paragraph 3 of the Complaint.

4. IWS denies the allegations of Paragraph 4 of the Complaint.

5. IWS admits it dismissed 41 lawsuits without prejudice on June 7 and June 10, 2013. IWS denies the remaining allegations of Paragraph 5 of the Complaint.

6. IWS admits that it alleged infringement based, in part, on the accused infringers' use of Wi-Fi products. IWS further admits its infringement allegations were based, part, on the design and operation of the accused IEEE 802.11 standard compliant Wi-Fi products. IWS denies the remaining allegations of Paragraph 6 of the Complaint.

7. IWS denies the allegations of Paragraph 7 of the Complaint.

8. IWS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

9. IWS admits the allegations of Paragraph 9 of the Complaint.

10. IWS admits that its letters and the cases it filed alleged infringement of the patents-in-suit by, among others, certain purchasers of Ruckus's wireless access points that comply with certain amendments of the IEEE 802.11 standard. IWS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11. IWS admits that this Court has subject matter jurisdiction over this action. IWS denies the remaining allegations, averments and conclusions of law and fact of Paragraph 11 of the Complaint.

12. IWS admits that it is subject to personal jurisdiction in this district. IWS denies the remaining allegations of Paragraph 12 of the Complaint.

13. IWS denies the allegations of Paragraph 13 of the Complaint.

**FACTUAL BACKGROUND**

14. IWS admits the allegations of Paragraph 14.

15. IWS admits the allegations of Paragraph 15.

16. IWS admits that it does not sell any products or services embodying the patents-in-suit, but denies the remaining allegations, averments and conclusions of law and fact of Paragraph 16.

17. IWS admits the allegations of Paragraph 17.

18. IWS admits the allegations of Paragraph 18.

19. IWS admits the allegations of Paragraph 19.

20. IWS admits the allegations of Paragraph 20.

21. IWS admits that Farney Daniels PC, a law firm located in Georgetown, Texas, represents IWS in certain matters. IWS further admits that Farney Daniels represented IWS in connection with the assignment of the patents-in-suit to IWS including recording the assignments with the U.S. Patent and Trademark Office. IWS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21 of the Complaint, and therefore denies them.

22. IWS admits that certain filings with the Texas Secretary of State and other records on file with the Texas Office of the Comptroller reflect a mailing address of 800 S. Austin Avenue # 200, Georgetown, TX 78626-5848. IWS further admits this is the address of the Farney Daniels law firm in Georgetown, TX. IWS further admits the Farney Daniels law firm mailed the demand letters on behalf of IWS. IWS specifically denies the allegation that 800 S. Austin Avenue # 200, Georgetown, TX 78626-5848 is its actual place of business. IWS specifically further denies the allegation that the Farney Daniels law firm is a real party in

interest behind IWS. IWS further denies the remaining allegations, averments and conclusions of law and fact of Paragraph 22.

23. IWS denies the allegations of Paragraph 23.

24. IWS denies the allegations of Paragraph 24.

25. IWS admits the allegations of Paragraph 25.

26. IWS admits the allegations of Paragraph 26.

27. IWS admits the allegations of Paragraph 27.

28. IWS admits it dismissed its lawsuits without prejudice. IWS denies the remaining allegations of Paragraph 28.

29. IWS admits that prior to initiating these law suits that it sent letters to the parties that it sued. IWS further admits these letters were similar and alleged infringement of the patents-in-suit based in part upon the use and operation of wireless networks including 802.11 wireless networks. IWS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in remainder of Paragraph 29 of the Complaint, and therefore denies the same.

30. IWS admits that the return address for the letters was 800 S. Austin Ave., Suite 200, Georgetown, Texas 78626. IWS further admits that the letters were mailed from zip code 78626, and that the letters were signed by Paul Heath, a member of Auctus Capital Investments, LLC and the manager for IWS. IWS specifically denies the allegation that IWS's business address is 800 S. Austin Ave., Suite 200, Georgetown, Texas 78626. IWS denies the remaining allegations of Paragraph 30.

31. IWS admits the allegations of Paragraph 31.

32. IWS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies them.

## COUNT I
### (Declaratory Judgment of NonInfringement of the '895 Patent)

33. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

34. IWS denies the allegations of Paragraph 34 of the Complaint.

35. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 35 of the Complaint.

## COUNT II
### (Declaratory Judgment of Invalidity of the '895 Patent)

36. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

37. IWS denies the allegations of Paragraph 37 of the Complaint.

38. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 38 of the Complaint.

## COUNT III
### (Declaratory Judgment of NonInfringement of the '264 Patent)

39. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

40. IWS denies the allegations of Paragraph 40 of the Complaint.

41. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 41 of the Complaint.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '264 Patent)

42. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

43. IWS denies the allegations of Paragraph 43 of the Complaint.

44. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 44 of the Complaint.

## COUNT V
### (Declaratory Judgment of NonInfringement of the '473 Patent)

45. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

46. IWS denies the allegations of Paragraph 46 of the Complaint.

47. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 47 of the Complaint.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '473 Patent)

48. IWS incorporates by reference its responses to the preceding paragraphs of the Plaintiff's Complaint as though fully set forth herein.

49. IWS denies the allegations of Paragraph 49 of the Complaint.

50. IWS admits that there exists a substantial controversy between IWS and Ruckus, but denies the remaining allegations of Paragraph 50 of the Complaint.

## PRAYER FOR RELIEF

IWS denies that Ruckus is entitled to the relief requested in the Complaint or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

In response to Ruckus's Complaint, IWS asserts the following affirmative and other defenses without assuming any burden that it would not otherwise have. IWS reserves the right to assert additional defenses as they become known through discovery.

**FIRST DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. For the reasons set forth in IWS's Counterclaims, Ruckus has infringed and is continuing to infringe the '895 Patent (both literally and under the doctrine of equivalents) directly, through contributory infringement, and by inducement.

**THIRD DEFENSE**

3. The claims of the '895 Patent are valid and enforceable.

**FOURTH DEFENSE**

4. For the reasons set forth in IWS's Counterclaims, Ruckus has infringed and is continuing to infringe the '264 Patent (both literally and under the doctrine of equivalents) directly, through contributory infringement, and by inducement.

**FIFTH DEFENSE**

5. The claims of the '264 Patent are valid and enforceable.

**SIXTH DEFENSE**

6. For the reasons set forth in IWS's Counterclaims, Ruckus has infringed and is continuing to infringe the '473 Patent (both literally and under the doctrine of equivalents) directly, through contributory infringement, and by inducement.

**SEVENTH DEFENSE**

7. The claims of the '473 Patent are valid and enforceable.

### EIGHTH DEFENSE

8. IWS reserves the right to assert any other legal or equitable defenses to which it is entitled.

Accordingly, Ruckus's Complaint for declaratory judgment should be dismissed and, instead, IWS is entitled to the relief requested in its counterclaims asserted against Ruckus for direct and indirect infringement of the patents-in-suit, which are incorporated herein by reference.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, IWS, by way of Counterclaim against Plaintiff Ruckus Wireless, Inc. ("Ruckus") alleges as follows:

1. IWS's responses set forth in the foregoing Answer and Affirmative Defenses to the Complaint are hereby realleged and incorporated herein by reference.

### NATURE OF THIS ACTION

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, brought against Ruckus for violations of those laws.

### THE PARTIES

3. IWS is a Texas limited liability company with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

4. On information and belief, Ruckus is a Delaware corporation having a principal place of business on West Java Drive in Sunnyvale, California 94089.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Ruckus based, inter alia, on the filing by Ruckus of this lawsuit in this jurisdiction. In addition, on information and belief, Ruckus is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Ruckus has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. On June 15, 1999, U.S. Patent Number 5,912,895 (the "'895 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '895 Patent is attached as Exhibit D to Ruckus's Declaratory Judgment Complaint.

9. On December 4, 2001, U.S. Patent Number 6,327,264 (the "'264 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '264 Patent is attached as Exhibit E to Ruckus's Declaratory Judgment Complaint.

10.     On July 1, 2003, U.S. Patent Number 6,587,473 (the "'473 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '473 Patent is attached as Exhibit F to Ruckus's Declaratory Judgment Complaint.

11.     IWS is the assignee and owner of the right, title and interest in and to the '895, '264 and '473 Patents (henceforth collectively the "patents-in-suit") including the right to assert all causes of action arising under said patents and the right to any remedies for infringement.

## COUNT I
## (INFRINGEMENT OF THE '895 PATENT)

12.     The allegations set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

13.     Ruckus has had actual knowledge of the '895 Patent and its infringement of that patent since at least the date that Ruckus filed its Complaint for Declaratory Judgment on June 12, 2013.  On information and belief, Ruckus has also had knowledge of the '895 Patent and its infringement of that patent since at least the date that Ruckus received copies of the notice letters that IWS had sent to certain entities that operated wireless networks using Ruckus equipment which explained how those networks infringed the '895 Patent.

14.     In violation of 35 U.S.C. § 271(a), Ruckus has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '895 Patent at least by making and using wireless networks containing wireless access points that practice the subject matter claimed in one or more claims of the '895 Patent ("the '895 Patent Accused Products"), including but not limited to claim 48, without the authority of IWS.  The '895 Patent Accused

Products include, but are not limited to, Ruckus's wireless access points, including, for example, Ruckus's IEEE 802.11 compliant wireless access points such as its Ruckus ZoneFlex 7363.

15. Wireless networks containing the '895 Patent Accused Products satisfy all of the limitations of at least claim 48 of the '895 patent in at least the following manner:

   a. The '895 Patent Accused Products provide communication with a CSMA/CD network (an Ethernet network) via a bidirectional communications path (the wireless path).

   b. The '895 Patent Accused Products are located at a first end of the wireless path and include an Ethernet interface to an Ethernet network. Ethernet is a CSMA/CD technology. The '895 Patent Accused Products include a buffer for buffering information packets received from the Ethernet network via the Ethernet interface for supply to the wireless path. The '895 Patent Accused Products also include a buffer for buffering information packets received from the wireless path for supply to the Ethernet network via the Ethernet interface. The '895 Patent Accused Products also includes a controller that implements the control protocol as defined in IEEE 802.11.

   c. A station is connected at a second end of the wireless path. The station includes a buffer for buffering information packets received from the wireless path, a buffer for buffering information packets to be supplied to the wireless path, and a controller.

   d. The controller in the '895 Patent Accused Products and the controller in the station are arranged to exchange control information over the wireless path so as to allow information packets to be communicated bi-directionally over the wireless path

11

between the buffers of the '895 Patent Accused Products and the station in a half-duplex manner.

16.     Upon information and belief, Ruckus has induced and continues to induce others to infringe the '895 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Ruckus's customers and end users whose connection of wireless devices to the '895 Patent Accused Products and use of those wireless networks constitutes direct infringement of at least claim 48 of the '895 Patent.  In particular, Ruckus's actions that aid and abet others to infringe include: (a) selling the '895 Patent Accused Products; (b) providing user manuals, instructions, and documentation regarding the '895 Patent Accused Products which describe the infringing uses; and (c) providing training and services to assist its customers in designing and optimizing wireless networks incorporating the '895 Patent Accused Products.   On information and belief, Ruckus has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Ruckus has actual knowledge of the '895 Patent and that its acts are inducing its customers to infringe the '895 Patent since at least the date it received copies of IWS's notice letters.

17.     Upon information and belief, Ruckus has committed and continues to commit acts of contributory infringement of the '895 Patent under 35 U.S.C. § 271(c) by offering to sell, and selling, and importing the '895 Patent Accused Products, while knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '895 Patent, and have no substantial non-infringing uses.  The '895 Patent Accused Products constitute a material part of the invention at least because they contain the components that interface the wireless network to an Ethernet

network and provide control information to the wireless devices as claimed in the '895 Patent. The '895 Patent Accused Products were especially made or especially adapted for use in an infringement of the '895 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface the '895 Patent Accused Products to an Ethernet network and to provide control information to the wireless devices as claimed in the '895 Patent. Ruckus's customers and end users directly infringe at least claim 48 of the '895 Patent by connecting wireless devices to the '895 Patent Accused Products. Ruckus has known or has remained willfully blind to these facts since at least the date it received copies of IWS's notice letters.

18. IWS has been harmed by Ruckus's infringing activities.

19. Although Ruckus has been aware of the '895 Patent and its infringement prior to the filing of this lawsuit, Ruckus thereafter continued to infringe the '895 Patent. On information and belief, Ruckus's infringement has been and continues to be willful.

## COUNT II
## (INFRINGEMENT OF THE '264 PATENT)

20. The allegations set forth in the foregoing paragraphs 1 through 19 are hereby realleged and incorporated herein by reference.

21. Ruckus has had actual knowledge of the '264 Patent and its infringement of that patent since at least the date that Ruckus filed its Complaint for Declaratory Judgment on June 12, 2013. On information and belief, Ruckus has also had knowledge of the '264 Patent and its infringement of that patent since at least the date that Ruckus received copies of the notice letters that IWS had sent to certain entities that operated wireless networks using Ruckus equipment which explained how those networks infringed the '264 Patent.

22.     In violation of 35 U.S.C. § 271(a), Ruckus has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '264 Patent by making, using, offering to sell, and selling in the United States, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '264 Patent ("the '264 Patent Accused Products"), including but not limited to claim 5, without the authority of IWS.  The '264 Patent Accused Products include, but are not limited to, Ruckus's wireless access points including, for example, Ruckus's IEEE 802.11 compliant wireless access points such as its Ruckus ZoneFlex 7363.

23.     The '264 Patent Accused Products satisfy all of the limitations of at least claim 5 of the '264 Patent in at least the following manner:

    a.     The '264 Patent Accused Products allow wireless devices to connect to a network.

    b.     The '264 Patent Accused Products include an Ethernet interface for coupling to an Ethernet network.  Ethernet is a CSMA/CD technology.

    c.     The '264 Patent Accused Products include a wireless interface for coupling to the wireless network which provides a wireless bidirectional communications path.

    d.     The '264 Patent Accused Products include a controller that implements a control protocol as defined in IEEE 802.11.  In accordance with the wireless protocol, the controller provides information that controls when wireless devices connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

    e. The '264 Patent Accused Products include a first buffer that holds frames received from the Ethernet network via the Ethernet interface and then supplies those frames via the wireless interface to the wireless network.

    f. The '264 Patent Accused Products include a second buffer that holds frames received from the wireless network via the wireless interface and then supplies those frames via the Ethernet interface to the Ethernet network.

  24. Upon information and belief, Ruckus has induced and continues to induce others to infringe the '264 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Ruckus's customers and end users whose use of the '264 Patent Accused Products constitutes direct infringement of at least claim 5 of the '264 Patent.  In particular, Ruckus's actions that aid and abet others to infringe include: (a) selling the '264 Patent Accused Products; (b) providing user manuals, instructions, and documentation regarding the '264 Patent Accused Products which describe the infringing uses; and (c) providing training and services to assist its customers in designing and optimizing wireless networks incorporating the '895 Patent Accused Products.   On information and belief, Ruckus has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Ruckus has actual knowledge of the '264 Patent and that its acts are inducing its customers to infringe the '264 Patent since at least the date it received copies of IWS's notice letters.

  25. IWS has been harmed by Ruckus's infringing activities.

  26. Although Ruckus has been aware of the '264 Patent and its infringement prior to the filing of this lawsuit, Ruckus thereafter continued to infringe the '264 Patent. On information and belief, Ruckus's infringement has been and continues to be willful.

## COUNT III
## (INFRINGEMENT OF THE '473 PATENT)

27. The allegations set forth in the foregoing paragraphs 1 through 26 are hereby realleged and incorporated herein by reference.

28. Ruckus has had actual knowledge of the '473 Patent and its infringement of that patent since at least the date that Ruckus filed its Complaint for Declaratory Judgment on June 12, 2013. On information and belief, Ruckus has also had knowledge of the '473 Patent and its infringement of that patent since at least the date that Ruckus received copies of the notice letters that IWS had sent to certain entities that operated wireless networks using Ruckus equipment which explained how those networks infringed the '473 Patent.

29. In violation of 35 U.S.C. § 271(a), Ruckus has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '473 Patent by using in the United States products that practice the subject matter claimed in one or more claims of the '473 Patent ("the '473 Patent Accused Products") including but not limited to claim 40, in the United States, without the authority of IWS. The '473 Patent Accused Products include, but are not limited to, Ruckus's wireless access points, including, for example, Ruckus's IEEE 802.11 compliant wireless access points such as its Ruckus ZoneFlex 7363.

30. The use of the '473 Patent Accused Products satisfy all of limitations of at least claim 40 of the '473 patent in at least the following manner:

    a. The '473 Patent Accused Products provide communication between a CSMA/CD network (an Ethernet network) and a bidirectional communications path (the wireless path).

    b. The '473 Patent Accused Products include an Ethernet interface that contains an Ethernet modem that receives information packets from an Ethernet network.

   c. The '473 Patent Accused Products transmit the information packets over the wireless path in a direction towards a station.

   d. The '473 Patent Accused Products include a controller that implements the control protocol as defined in IEEE 802.11.  In accordance with that protocol, the controller provides information that controls when stations connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

   e. The '473 Patent Accused Products receive information corresponding to information packets from the wireless path at the Ethernet modem and transmit those information packets over the Ethernet network.

  31. Upon information and belief, Ruckus has induced and continues to induce others to infringe the '473 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Ruckus's customers use of the '473 Patent Accused Products constitutes direct infringement of at least claim 40 of the '473 Patent.  In particular, Ruckus's actions that aid and abet others to infringe include: (a) selling the '473 Patent Accused Products; (b) providing user manuals, instructions, and documentation regarding the '473 Patent Accused Products which describe the infringing uses; and (c) providing training and services to assist its customers in designing and optimizing wireless networks incorporating the '895 Patent Accused Products.  On information and belief, Ruckus has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Ruckus has actual knowledge of the '473 Patent and that its acts are inducing its customers to infringe the '473 Patent since at least the date it received copies of IWS's notice letters.

32. Upon information and belief, Ruckus has committed and continues to commit acts of contributory infringement of the '473 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing the '473 Patent Accused Products, while knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '473 Patent, and have no substantial non-infringing uses.  The '473 Patent Accused Products constitute a material part of the invention at least because they contain the components that interface the wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the '473 Patent. The '473 Patent Accused Products were especially made or especially adapted for use in an infringement of the '473 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface the '473 Patent Accused Products to an Ethernet network and to provide control information to the wireless devices as claimed in the '473 Patent.  Ruckus's customers and end users directly infringe at least claim 40 of the '473 Patent by connecting wireless devices to the '473 Patent Accused Products.  Ruckus has known or remained willfully blind to these facts since at least the date it received copies of IWS's notice letters.

33. Although Ruckus has been aware of the '473 Patent and its infringement prior to the filing of this lawsuit, Ruckus thereafter continued to infringe the '473 Patent.

34. IWS has been harmed by Ruckus's infringing activities.  On information and belief, Ruckus's infringement has been and continues to be willful.

## JURY DEMAND

IWS demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, IWS respectfully requests that this Court enter judgment for IWS and against Ruckus as follows:

a. An adjudication that Ruckus has infringed the '895, '264, and '473 Patents;

b. An award of damages to be paid by Ruckus adequate to compensate IWS for Ruckus's past infringement of the above Patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts, including, but not limited to, those acts not presented at trial;

c. An order that Ruckus pay an ongoing royalty in an amount to be determined for any continued infringement of the above Patents after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding his to be an exceptional case, and awarding IWS attorney fees under 35 U.S.C. § 285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated:  August 9, 2013

Respectfully submitted,

By: */s/ Stephanie R. Wood*
Stephanie R. Wood
Texas State Bar No. 24057928
FARNEY DANIELS PC
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
Telephone:  (512) 582-2828
Facsimile:  (512) 582-2829
E-Mail:  swood@farneydaniels.com


Jonathan D. Baker (*pro hac vice* pending)
FARNEY DANIELS, P.C.
411 Borel Ave, Suite 350
San Mateo, California  94402
Telephone:  (424) 268-5200
Facsimile:  (424) 268-5219
E-Mail: JBaker@farneydaniels.com

Counsel for Defendant
INNOVATIVE WIRELESS SOLUTIONS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.  As such, the foregoing was served on all counsel of record via the Court's ECF Systems on August 9, 2013.

*/s/ Stephanie R. Wood*
Stephanie R. Wood