IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| RUCKUS WIRELESS, INC., </br></br> Plaintiff, </br></br> v. </br></br> INNOVATIVE WIRELESS SOLUTIONS, LLC, </br></br> Defendant. | Civil Action No. 1:13-cv-00504-LY </br></br> JURY TRIAL DEMANDED |

**PLAINTIFF RUCKUS WIRELESS, INC.'S ANSWER TO DEFENDANT INNOVATIVE WIRELESS SOLUTIONS, LLC'S COUNTERCLAIMS**

Plaintiff Ruckus Wireless, Inc. ("Ruckus"), by and through its undersigned attorneys, answers the Counterclaims of Defendant Innovative Wireless Solutions, LLC ("IWS") (D.I. 19) by corresponding paragraph number as follows:

1. Ruckus denies the allegations in this paragraph to the extent they incorporate IWS's denials and defenses to allegations contained in Ruckus' Complaint all of which are denied by Ruckus. By way of further response, Ruckus incorporates by reference the allegations set forth in its Complaint as though set forth fully herein.

**RESPONSE TO ALLEGATIONS REGARDING NATURE OF THIS ACTION**

2. Ruckus admits that IWS purports to assert a patent infringement action against Ruckus pursuant to Federal law.

**RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

3. Ruckus admits that IWS is a Texas limited liability company. Otherwise denied.

4. Admitted.

## RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

5.      Admitted.

6.      Ruckus admits that this Court possesses personal jurisdiction over Ruckus for this action only by virtue of Ruckus filing the Complaint in this action.  Otherwise denied.

7.      Ruckus admits that venue is proper in this judicial district but denies that venue is proper under 28 U.S.C. § 1400(b).

## RESPONSE TO ALLEGATIONS REGARDING FACTUAL BACKGROUND

8.      Ruckus admits that United States Patent No. 5,912,895 (the "'895 Patent") is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of June 15, 1999.  Ruckus admits that a copy of the '895 Patent is attached as Exhibit "D" to Ruckus' Complaint.  Ruckus denies that the '895 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '895 Patent discloses or claims a patentable invention.

9.      Ruckus admits that United States Patent No. 6,327,264 (the "'264 Patent") is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of December 4, 2001.  Ruckus admits that a copy of the '264 Patent is attached as Exhibit "E" to Ruckus' Complaint.  Ruckus denies that the '264 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '264 Patent discloses or claims a patentable invention.

10.     Ruckus admits that United States Patent No. 6,587,473 (the "'473 Patent")[1] is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of July 1, 2003.  Ruckus admits that a

---

[1] The '895, '264, and '473 Patens are collectively referred to as the "patents-in-suit."

copy of the '473 Patent is attached as Exhibit "F" to Ruckus' Complaint. Ruckus denies that the '473 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '473 Patent discloses or claims a patentable invention.

11. Ruckus is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

## RESPONSE TO COUNT I
## INFRINGEMENT OF THE '895 PATENT

12. Ruckus incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

13. Ruckus admits that it had knowledge of the '895 Patent prior to filing its Complaint in this action and as early as it received indemnity demands from end users that have purchased Ruckus products and were sued by IWS. Otherwise denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Ruckus admits that it became aware of the '895 Patent after IWS sued Ruckus's customers. Otherwise, denied.

## RESPONSE TO COUNT II
## INFRINGEMENT OF THE '264 PATENT

20. Ruckus incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

21. Ruckus admits that it had knowledge of the '264 Patent prior to filing its Complaint in this action and as early as it received indemnity demands from end users that have purchased Ruckus products and were sued by IWS. Otherwise denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Ruckus admits that it became aware of the '264 Patent after IWS sued Ruckus's customers. Otherwise, denied.

### RESPONSE TO COUNT III
### INFRINGEMENT OF THE '473 PATENT

27. Ruckus incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

28. Ruckus admits that it had knowledge of the '473 Patent prior to filing its Complaint in this action and as early as it received indemnity demands from end users that have purchased Ruckus products and were sued by IWS. Otherwise denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Ruckus admits that it became aware of the '473 Patent after IWS sued Ruckus's customers. Otherwise, denied.

## RESPONSE TO PRAYER FOR RELIEF

Ruckus denies that IWS is entitled to the relief requested in its counterclaims or to any other relief.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

IWS's counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

IWS's counterclaims fail to state a claim upon which relief can be granted for indirect patent infringement, including contributory infringement and inducement of infringement.

### THIRD AFFIRMATIVE DEFENSE

Each claim of the patents-in-suit is invalid for failure to comply with the requirements for patentability as set forth in Title 35, United States Code, including at least Sections 102, 103, and/or 112 thereof, and/or under other judicially-created bases for invalidity.

### FOURTH AFFIRMATIVE DEFENSE

Ruckus is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE

Ruckus is not willfully infringing and has not willfully infringed any valid and enforceable claim of the patents-in-suit.

### SIXTH AFFIRMATIVE DEFENSE

This is an exceptional case, and Ruckus is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, as a result of prosecution before the Patent and Trademark Office leading to the issuance of the patents-in-suit, and by reason of admissions and/or amendments made by or on behalf of IWS, IWS is estopped from claiming infringement by Ruckus of one or more claims of the patents-in-suit. Moreover, any claim of infringement of the patents-in-suit under the doctrine of equivalents would be limited by prosecution history estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

IWS's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

**NINTH AFFIRMATIVE DEFENSE**

IWS is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**TENTH AFFIRMATIVE DEFENSE**

IWS has suffered no damages.

ELEVENTH AFFIRMATIVE DEFENSE / RESERVATION OF RIGHTS

Ruckus is presently investigating the facts relating to the procurement of the patents-in-suit and the assertions of infringement against Ruckus, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Ruckus reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

Ruckus reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Ruckus prays for:

(a) A dismissal of all claims in IWS'S counterclaims against Ruckus with prejudice and a complete denial of IWS's requests for damages, costs, attorney fees, and any other form of relief such that IWS takes nothing by its counterclaims;

(b) A declaration that each claim of the '895, '264, and '473 Patents is invalid;

(c) An order that IWS and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Ruckus or the purchasers of Ruckus' products claiming that the '895, '264, and '473 Patents are infringed or from representing that Ruckus' products or their use in the networks operated by the purchasers of those products infringe the '895, '264, and '473 Patents;

(d) A declaration that this is an exceptional case under 35 U.S.C. § 285;

(d) An award to Ruckus of its costs and attorneys' fees;

(e) Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

Ruckus demands a trial by jury on all issues so triable.

                                                Respectfully Submitted,

Dated: 9/3/2013                              /s/ Jeffrey S. Pollack
                                                Woody Jameson
                                                wjameson@duanemorris.com
                                                Matthew S. Yungwirth
                                                msyungwirth@duanemorris.com
                                                DUANE MORRIS LLP

        Suite 2000
1075 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-253-6900
Fax: 404-253-6901

Jeffrey S. Pollack
jspollack@duanemorris.com
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-979-1000
Fax: 215-979-1020

Diana M. Sangalli
dmsangalli@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056
Tel: 713-402-3900
Fax: 713-402-3901

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5. As such, the foregoing was served on all counsel of record via the Court's ECF Systems on August 9, 2013.

/s/ Jeffrey S. Pollack
Jeffrey S. Pollack