**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| CISCO SYSTEMS, INC., | |
| Plaintiff, | Case No. 1:13-cv-00492-LY |
| vs. | |
| INNOVATIVE WIRELESS SOLUTIONS, LLC, | |
| Defendant. | |
| RUCKUS WIRELESS, INC., | |
| Plaintiff, | Case No. 1:13-cv-00504-LY |
| vs. | |
| INNOVATIVE WIRELESS SOLUTIONS, LLC, | |
| Defendant. | |

**JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT
OF NON-INFRINGEMENT**

Declaratory Judgment Plaintiffs Cisco Systems, Inc. ("Cisco") and Ruckus Wireless, Inc.

("Ruckus") and Declaratory Judgment Defendant Innovative Wireless Solutions, LLC ("IWS"),

by and through their undersigned counsel, hereby stipulate and agree, subject to the approval of

the Court, as follows:

1. On June 12, 2013, Cisco filed its Complaint for Declaratory Judgment against

IWS seeking declaratory relief that U.S. Patent Nos. 5,912,895; 6,327,264; and 6,587,473

(collectively "the Patents-in-Suit") be found not infringed and invalid.

2. On June 14, 2013, Ruckus filed its Complaint for Declaratory Judgment against

IWS seeking declaratory relief that the Patents-in-Suit be found not infringed and invalid.

3.      On August 9, 2013, Defendant IWS filed its Answers, defenses, and counterclaims to Cisco's and Ruckus' Complaints.

4.      On October 16, 2013, IWS served its Asserted Claims and Preliminary Infringement Contentions in which it identified the asserted claims as claims 1-12, 15-20, 27-37, 40, 48, 49, 51-53 of US Patent No. 5,912,895; claims 5-9 of U.S. Patent No. 6,327,264; and claims 1-5, 7-20, 22-26, 29-42 of U.S. Patent No. 6,587,473 (collectively, the "Asserted Claims"); and identified the products accused of infringing the Asserted Claims as "all [Cisco and Ruckus] products compliant with the IEEE 802.11g, IEEE 802.11n, or IEEE 802.11ac standards" (collectively, the "Accused Products").

5.      On January 8, 2015, the Court issued its Memorandum Opinion and Order Regarding Claims Construction, which governs the parties' claim construction disputes in both cases.  Among other things, the Court construed the phrases "bidirectional communications path" and "communications path" (one of which is present in every Asserted Claim of the Patents-in-Suit) to mean "bidirectional communications path utilizing twisted-pair wiring that is too long to permit conventional 10BASE-T or similar LAN (Local Area Network) interconnections" and "communications path utilizing twisted-pair wiring that is too long to permit conventional 10BASE-T or similar LAN interconnections", respectively.

6.      The parties stipulate that the accused communications path associated with each Accused Product: (i) complies with the IEEE 802.11 (g), (n) and/or (ac) amendments, (ii) is not wired, and (iii) does not "utiliz[e] twisted-pair wiring."  In particular, each Accused Product contains one or more radio transceivers (in connection with other circuitry) for communicating wirelessly with devices that are compliant with the IEEE 802.11 (g), (n) and/or (ac) protocols,

and IWS's infringement contentions identify those wireless communications as satisfying the "bidirectional communications path" and "communications path" limitations.

7.      Subject to all of IWS's rights to appeal, Cisco, Ruckus and IWS stipulate and agree that, in light of the Court's Memorandum Opinion and Order Regarding Claims Construction, the Accused Products have not infringed and currently do not infringe the Asserted Claims of the Patents-in-Suit for at least the reason that the accused communications path associated with each Accused Product is not a "bidirectional communications path" or "communications path" "utilizing twisted-pair wiring that is too long to permit conventional 10BASE-T or similar LAN (Local Area Network) interconnections".

8.      Cisco, Ruckus and IWS, therefore, stipulate to entry of a final judgment that the Accused Products have not infringed and currently do not infringe the Asserted Claims of the Patents-in-Suit.

9.      Cisco, Ruckus and IWS stipulate to the dismissal without prejudice of all other claims and defenses of IWS, Cisco and Ruckus in each respective action (except for any post judgment claim(s) or motion(s) relating to an "exceptional case" determination pursuant to 35 U.S.C. § 285 or other bases for the award of attorneys' fees and/or costs, the timing of which is governed by Fed. R. Civ. P. 54(d)(1) and (2)), subject to IWS, Cisco and Ruckus's right to revive any such claim, counterclaim, and/or defenses, in the event of a remand from the Federal Circuit Court of Appeals.

10.     Notwithstanding the foregoing, IWS specifically objects to the Court's construction of the phrases "bidirectional communications path" and "communications path." The parties reserve their rights to challenge the construction of these terms or any other construction of the disputed claim terms on appeal.  Cisco, Ruckus and IWS reserve all appellate

rights arising from each of the respective actions including, but not limited to, the right to appeal

the Memorandum Opinion and Order Regarding Claims Construction to the United States Court

of Appeals for the Federal Circuit.

11.    A proposed final judgment reflecting the parties' stipulation is submitted

herewith.

IT IS SO STIPULATED.


Dated:  March 3, 2015                                    Respectfully submitted,

/s/ *Matthew S. Yungwirth*                              /s/ *Jonathan Baker*
Diana M. Sangalli                                       Jonathan Baker (Admitted *Pro Hac Vice*)
dmsangalli@duanemorris.com                              Michael Saunders (Admitted *Pro Hac Vice*)
**DUANE MORRIS LLP**                                    **FARNEY DANIELS PC**
1330 Post Oak Boulevard, Suite 800                      411 Borel Avenue, Suite 350
Houston, TX 77056                                       San Mateo, California 94402
Tel: 713-402-3900                                       (424) 268-5200 – Phone
Fax: 713-402-3901                                       (424) 268-5219 – Fax
                                                        jbaker@farneydaniels.com
Woody Jameson                                           msaunders@farneydaniels.com
wjameson@duanemorris.com
Matthew S. Yungwirth                                    Steven R. Daniels
msyungwirth@duanemorris.com                             800 S. Austin, Suite 200
**DUANE MORRIS LLP**                                    Georgetown, Texas 78626
Suite 2000                                              sdaniels@farneydaniels.com
1075 Peachtree Street NE                                (512) 582-2820 – Phone
Atlanta, GA 30309                                       (512) 582-2829 – Fax
Tel: 404-253-6900
Fax: 404-253-6901
                                                        *Counsel for Defendant*
Jeffrey S. Pollack                                      *Innovative Wireless Solutions, LLC*
jspollack@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-979-1000
Fax: 215-979-1020

*Counsel for Plaintiffs Cisco Systems, Inc.*
*and Ruckus Wireless, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, I electronically filed the foregoing using the Case

Management/Electronic Case Filing ("CM/ECF") system, which will send a notice of electronic

filing to all counsel of record.

/s/ *Jonathan Baker*
Jonathan Baker